IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TIFFANY-SHARDE DALEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-01240-O-BP |
| § | |
| MIDFIRST BANK, *et al.*, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Tiffany-Sharde Daley sued Defendants on October 2, 2025, in the 48th Judicial District Court of Tarrant County, Texas. ECF No. 1-5 at 2. On November 3, 2025, Defendant MidFirst Bank removed the case to this Court. ECF No. 1. On November 4, 2025, the Court ordered Daley to file an amended complaint by November 18, 2025, that complied with the pleading requirements of the Federal Rules of Civil Procedure and the Court's Local Civil Rules. ECF No. 5. Also on November 4, 2025, the Court ordered the parties to confer by December 4, 2025 regarding the contents of a scheduling order and submit a report of that conference by December 18, 2025. ECF No. 6.

When Daley did not file an amended pleading by November 18, the Court on November 20 ordered her to do so by December 4, 2025. ECF No. 7. The Court warned Daley that noncompliance "**may result in a recommendation that the Court dismiss her case without prejudice under Federal Rule of Civil Procedure 41(b)**" *Id.* at 1. To date, Daley has not complied with either Order by filing an amended complaint, nor has she filed any other pleading explaining her delay.

Additionally, Defendants MidFirst Bank and Barret Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"), have advised the Court that "[Daley] has not responded to attempts to hold a scheduling conference" as the Court ordered in its November 4 Order. ECF No. 8.

Finally, before the court is the Motion to Dismiss that Barrett Daffin filed today seeking dismissal of Daley's petition against it. ECF No. 9.

Because Daley has not complied with three court orders, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) and **DENY** as moot Barrett Daffin's Motion to Dismiss (ECF No. 9).

**I.      LEGAL STANDARDS**

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

**II.     ANALYSIS**

The Court twice ordered Daley to file an amended complaint and ordered her to confer with counsel for Defendants to prepare a scheduling report. Despite a clear warning that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b),

Daley did not comply with any of these orders or file a pleading to explain her delay. Without compliance with the Court's orders, this case cannot proceed.

Accordingly, Chief Judge O'Connor should dismiss the case due to Daley's failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b); *see also Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (observing that Rule 41(b) empowers district courts to dismiss actions *sua sponte* and Courts routinely do so). This is precisely the circumstance envisaged by the Rule, which flows from the Court's inherent authority to manage its docket. *Boudwin*, 756 F.2d at 401 (citing *Link*, 370 U.S. 626). Nevertheless, because nothing indicates Daley's noncompliance stems from "purposeful delay or contumaciousness," the Court should dismiss Daley's case without prejudice. *Long*, 77 F.3d at 880.

Because Daley's noncompliance with the Court's orders predates Barrett Daffin's filing of its Motion to Dismiss, the undersigned recommends that Chief Judge O'Connor dismiss Daley's case and deny as moot the Motion to Dismiss (ECF No. 9).

### III. CONCLUSION

Daley did not comply with prior court orders despite the Court's warning that noncompliance could lead to dismissal of her case without further warning. Because her noncompliance does not appear to stem from purposeful delay or contumaciousness, the dismissal should be without prejudice. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders and **DENY** as moot the Motion to Dismiss (ECF No. 9).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on December 22, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE